By the Court.
 

 The covenants of warranty which the Court of Appeals by its entry directed should be embraced in the deeds to be executed by the defendant constitute neither a general warranty as sought by the plaintiff originally nor a special warranty in the form usually given by the fiduciaries warranting against their own acts. The form as set forth by the Court of Appeals warrants to the extent of assets of the trust estate which are undistributed, and further warrants that the title to the premises is free, clear and unincumbered, and reserves to the grantee any rights he may have against the heirs and distributees of the estate in law or in equity.
 

 It is obvious that this covenant embraces a pledge of assets of the estates held by the trustee regardless of whether such assets came from the deceased ancestor who, as lessor, contracted for the sale of the land in question. The use of the words “trust estates” in such a warranty pledges property which may not have come from such lessor. In this case, for instance, The Central Trust Company as successor trustee of Ba-yard L. Kilgour is trustee of an estate which appears to include property which came from the estate of ancestors other than the lessor. Such property, of course, cannot be pledged by a covenant of warranty of the property in question, though in this case a covenant of general warranty by a trustee holding the legal fee seems satisfactory to the plaintiff. There may be instances where, if the trustee were tendering a covenant of general warranty, the grantee Avould properly reject such instrument upon the ground of non-compliance Avith the terms of the lease contract.
 

 If personal property of large value had passed to an executor and a tract of land had passed to a trustee from the same decedent, one who previously had
 
 *506
 
 contracted for the land under an agreement for a deed of general warranty would scarcely be satisfied by a deed of general warranty executed by the trustee as such who held nothing in trust but the land itself.
 

 If the title should be defective, then, under the terms of the lease, the purchaser is entitled to a remedy against the estate of the lessor, both real and personal, and the deed should not confer any greater or less rights than provided by the terms of the lease.
 

 The form of covenant provided by the order and entry of the Court of Appeals, while expressly saving-rights of the grantee against the heirs (neither the necessity nor effectiveness' of which need be considered here), goes beyond the rights conferred by the lease and attempts to confer rights against a trust estate without exempting therefrom property in such trust estate which is not subject to or required to respond for any failure of the lessor’s contract.
 

 All plaintiff is entitled to is a conveyance of the legal estate of the trustee warranted by the trustee against his own acts.’ When a trustee has done this, he has performed as fully as he may under the law. The remedy of the lessee for the failure to give a general warranty deed becomes a right of action against the estate of the deceased lessor.
 

 Though suggested that the acceptance of a deed with such terms would constitute a waiver of the right of the lessee to maintain an appropriate action for the breach of covenant to convey by deed of general warranty, the necessity for decision of such question is obviated by the fact that the- trust company has in opten court tendered a ¡deed which safeguards the rights of the plaintiff in that regard and precludes such claim of merger or waiver. In our opinion, deeds such as tendered by the trustee are all that may properly be required.
 

 The judgment of the Court of Appeals is reversed
 
 *507
 
 and this case is remanded to that court for further proceedings in accordance herewith.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.